1  CAMUTI LAW GROUP APC
   Nathan B. Camuti, CA Bar No. 300568
2  33 Brookline
   Aliso Viejo, CA 92656
3  Telephone: (949) 716-5565
   Email:     nate@camutilaw.com
4

5  Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC EVERETT, an individual;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MX ELECTRONICS MANUFACTURING, INC., a California Corporation; MEMORY EXPERTS INTERNATIONAL (USA), INC., a California Corporation; and DOES 1 through 25, inclusive;<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br>1. **COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501;**<br>2. **BREACH OF CONTRACT**<br><br>**DEMAND FOR DAMAGES, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff ERIC EVERETT, an individual (PLAINTIFF or ERIC), by and through his undersigned counsel, complain against the above-named Defendants: MX ELECTRONICS MANUFACTURING, INC., a California Corporation (hereinafter referred to as "MX ELECTRONICS" and/or collectively as "DEFENDANT" or "DEFENDANTS"), MEMORY EXPERTS INTERNATIONAL (USA), INC., a California Corporation (hereinafter referred to as "MEMORY EXPERTS" and/or collectively as "DEFENDANT" or "DEFENDANTS"), and DOES 1 through 25, inclusive, and all named Defendants for general, compensatory, exemplary, and statutory damages, attorneys' fees and costs, and injunctive relief, resulting from DEFENDANTS' unlawful and tortious conduct, and alleges as follows:

## PARTIES

1. PLAINTIFF ERIC is an individual residing in Riverside, California.

2. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT MX ELECTRONICS is a corporation formed under and pursuant to the laws of the State of California having a principal place of business at 1651 E. St. Andrew Place, Santa Ana, California, 92705.

3. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT MEMORY EXPERTS is a corporation formed under and pursuant to the laws of the State of California having a principal place of business at 1651 E. St. Andrew Place, Santa Ana, California, 92705.

4. PLAINTIFF does not presently know the true names and

capacities of the Defendants sued herein as DOES 1 through 25, inclusive. PLAINTIFF will seek leave of the court to amend this Complaint to allege said DEFENDANTS' true names and capacities when ascertained.

## JURISDICTION AND VENUE

5. This action arises under the federal copyright statute and under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the federal copyright pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. This Court has pendent jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(a) because this is the judicial district in which the DEFENDANTS reside or may be found.

## FACTUAL ALLEGATIONS

7. PLAINTIFF ERIC is an accomplished graphic designer and photographer, specializing in creating images for a wide variety of brand marketing materials.

8. In or around October 2020, DEFENDANTS hired PLAINTIFF for his services, including photographing and editing mask and company images and shooting a company video.

9. PLAINTIFF photographed and edited sixty-seven mask and one hundred company images per DEFENDANTS' instructions, and PLAINTIFF sent the files of the edited images to DEFENDANTS.

**Defendants' Infringement of Plaintiff's Registered Copyright**

10. PLAINTIFF registered the edited mask and company images with the copyright office, wherein the U.S. Copyright Registration Number is VAu001448949. A true and correct copy of the

registration in the United States Copyright Office Public Catalog is attached as **Exhibit A**.

11. PLAINTIFF's registered copyright is a valid and subsisting copyright in full force and effect.

12. PLAINTIFF learned that several of his copyrighted images have been improperly reproduced, distributed, and publicly displayed without his authorization on distributor and retail websites, including roswi.com and vpg.no.

13. DEFENDANTS did not and do not have license(s) to use and/or distribute the copyrighted images.

14. Examples of at least eleven copyrighted images authored and owned by PLAINTIFF under U.S. Copyright Registration No. VAu001448949 that are infringed are shown below:



15. Screenshots of the infringing images on different websites are shown below:



COMPLAINT



16. On or about January 26, 2022, PLAINTIFF, by and through counsel, sent DEFENDANTS a demand letter informing DEFENDANTS of their infringing activities and breach of contract. PLAINTIFF demanded DEFENDANTS immediately cease and desist its infringing activities and provide an accounting for its infringing activities.

17. DEFENDANTS did not cease and desist their infringing activities, and the infringing images continue to appear on different distributor and retail websites.

18. PLAINTIFF is informed and believes, and on that basis alleges, DEFENDANTS have sold and are distributing and selling the mask products directly resulting from their improper publishing, reproduction, distribution, and public display of the infringing images.

19. PLAINTIFF is informed and believes, and on that basis alleges, DEFENDANTS have sold and are selling the mask products

using the infringing images direct to consumers through online ecommerce platforms.

20. DEFENDANTS willfully blinded themselves to PLAINTIFF's notification of its infringing activities and ignored PLAINTIFF's demands.

## Defendants' Breach of Contract

21. In or around October 2020, DEFENDANTS hired PLAINTIFF for his services, including photographing and editing mask and company images and shooting a company video.

22. PLAINTIFF photographed and edited sixty-seven mask and one hundred company images per DEFENDANTS' instructions, and PLAINTIFF sent the files of the edited images to DEFENDANTS.

23. On October 22, 2020, PLAINTIFF emailed an invoice for his services rendered totaling $3,750.00 to DEFENDANTS (hereinafter "October 22 invoice"). A true and correct copy of the October 22 invoice is attached as **Exhibit B**.

24. On November 3, 2020, PLAINTIFF asked DEFENDANT about the status of payment, and DEFENDANT replied, "Reviewing them now everything looks good. Just have to review payment."

25. On November 4, 2020, PLAINTIFF forwarded the email with the October 22 invoice to DEFENDANT, and DEFENDANT acknowledged receipt.

26. On November 8, 2020, PLAINTIFF checked in with DEFENDANT for the status of payment and did not receive a reply.

27. On November 9, 2020, PLAINTIFF checked on the status of payment, and DEFENDANT replied that DEFENDANT is waiting to confirm no more changes and "then we should be good to go."

28. On November 12, 2020, PLAINTIFF again checked in with

DEFENDANT on the status of payment and received no reply.

29. On February 11, 2021, PLAINTIFF physically went to DEFENDANTS' office to discuss his outstanding invoice.

30. On February 11, 2021, DEFENDANTS sent an email to several employees internally and to PLAINTIFF regarding PLAINTIFF's outstanding invoice.

31. On February 27, 2021, PLAINTIFF asked DEFENDANTS for the status of payment, and PLAINTIFF did not receive a direct response.

32. On March 20, 2021, PLAINTIFF again asked DEFENDANTS for the status of payment.

33. On March 23, 2021, DEFENDANTS asked PLAINTIFF to send the October 22 invoice again to provide to an accounting.

34. On March 24, 2021, PLAINTIFF sent the October 22 invoice by email, and DEFENDANTS acknowledged receipt.

35. On March 25, 2021, PLAINTIFF asked DEFENDANTS to advise when the payment would be ready to pick up or alternatively he would provide his updated mailing address if sent by mail.

36. On April 9, 2021, PLAINTIFF asked DEFENDANTS for an update on payment status.

37. On April 12, 2021, DEFENDANTS informed PLAINTIFF they have asked the team to confirm the quantity of sixty-seven mask photos and would send the October 22 invoice "to accounting this week" and keep PLAINTIFF posted on payment.

38. On April 12, 2021, PLAINTIFF replied to DEFENDANT confirming the number of photos he had edited and sent to DEFENDANTS.

39. On April 20, 2021, PLAINTIFF sent another follow-up email

to DEFENDANTS and stated that he had a conversation "in the lobby" with DEFENDANT and was informed he would "hear back by Friday."

40. On April 21, 2021, DEFENDANTS ask PLAINTIFF if he would "provide the unedited video" taken of the company to include in the outstanding invoice price, and that the payment "will be ready end of April/Early May."

41. On June 9, 2021, PLAINTIFF discovered DEFENDANTS' email from April 21, 2021, in his junk email inbox, and replied to DEFENDANT that he could provide the video clips on the condition that he received payment first.

42. On June 10, 2021, PLAINTIFF informed DEFENDANTS that he would "be there this Friday 6/11 to collect payment" then send the raw video clips.

43. On the morning of June 11, 2021, DEFENDANTS informed PLAINTIFF the check was not ready and would inform him today of the date that DEFENDANTS could send the check to PLAINTIFF. PLAINTIFF replied by providing the mailing address for DEFENDANTS to send the check to.

44. On the afternoon of June 11, 2021, PLAINTIFF followed up with DEFENDANT asking for the date that the check will be sent, and he received no reply.

45. On June 12, 2021, PLAINTIFF asked DEFENDANT when the check would be ready and pointed out that DEFENDANTS had said they would inform him the day before.

46. On June 14, 2021, PLAINTIFF again asked DEFENDANTS when the check would be ready and pointed out that DEFENDANTS had said they would inform him on June 11th of the date DEFENDANTS would send him the check.

47. On July 6, 2021, PLAINTIFF informed DEFENDANT he had not received any word nor received the check owed. DEFENDANTS immediately replied and apologized for the delay and promised to "inquire about the check again today."

48. On July 11, 2021, PLAINTIFF asked DEFENDANTS for an update and requested that DEFENDANTS "Please have the check ready by the end of the week."

49. For several months, PLAINTIFF repeatedly contacted DEFENDANTS via email, text message, and voicemail regarding payment of the October 22 invoice to no avail.

50. On July 15, 2021, DEFENDANTS sent an email to several employees internally and to PLAINTIFF regarding PLAINTIFF's outstanding October 22 invoice.

51. DEFENDANTS informed PLAINTIFF that "payment has been delayed" with a "still pending check date and the team is aware."

52. PLAINTIFF reiterated that "Payment has been pending since last year" and requested that payment "get handled asap."

53. On July 16, 2021, DEFENDANTS provided PLAINTIFF with another point of contact "for payment questions/concerns" and instructed PLAINTIFF that "any further response and all communication should go through" the cc'd point of contact.

54. PLAINTIFF is informed and believes, and on that basis alleges the provided point of contact is a Director of Operations for DEFENDANTS.

55. On July 16, 2021, PLAINTIFF asked DEFENDANTS, including the provided point of contact, when he would receive payment and received no reply.

56. On July 27, 2021, PLAINTIFF again asked DEFENDANT

1 for an update on payment and again received no reply.

2     57. On August 18, 2021, PLAINTIFF asked DEFENDANT when he would receive the check owed and again received no reply.

    58. On August 18, 2021, PLAINTIFF informs DEFENDANT that he has not received any reply from the previously provided point of contact.

    59. To date, PLAINTIFF has not received payment for his services completed in October 2020.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED WORK UNDER 17 U.S.C. §501

    60. PLAINTIFF hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

    61. PLAINTIFF owns all of the exclusive copyrights in the mask and company images registered under U.S. Copyright Registration Number VAu001448949.

    62. DEFENDANTS have infringed on at least eleven copyrighted images owned by PLAINTIFF.

    63. DEFENDANTS have improperly and without authorization published, reproduced, distributed, and publicly displayed PLAINTIFF's copyrighted images.

    64. DEFENDANTS manufacture, import, and sell the mask products depicted in the copyrighted images.

    65. Each copyrighted mask image publicly displayed on the distributor and retail websites is an unauthorized reproduction and distribution of PLAINTIFF's copyrighted work.

    66. DEFENDANTS have caused the copyrighted mask images to be publicly displayed by various retailers and distributors at various

websites.

67. DEFENDANTS have sold the mask products depicted in the copyrighted mask images and have profited from those sales.

68. DEFENDANTS' actions constitute copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

69. PLAINTIFF is informed and believes, and on that basis alleges, DEFENDANTS know or have reason to know PLAINTIFF owns the copyrighted images that DEFENDANTS have infringed upon.

70. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS are aware of their infringing activity.

71. DEFENDANTS continue selling the mask products caused by DEFENDANTS' infringing activity, including publishing, reproducing, distributing, and publicly displaying PLAINTIFF's copyrighted images without authorization.

72. DEFENDANTS willfully infringed PLAINTIFF's copyrighted work and has enabled DEFENDANTS to illegally obtain profit therefrom.

73. The injuries and damages sustained by PLAINTIFF have been directly and proximately caused by DEFENDANTS' infringing conduct of publishing, reproducing, distributing, and public display of PLATINIFF's copyrighted work.

74. PLAINTIFF is entitled to actual damages and DEFENDANTS' profits or statutory damages under 17 U.S.C. § 504.

75. PLAINTIFF is entitled to attorney's fees under 17 U.S.C. §§ 412 and 505.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

76. PLAINTIFF hereby incorporates the allegations set forth in

the foregoing paragraphs as if fully set forth herein.

77. PLAINTIFF AND DEFENDANTS entered into a contract for PLAINTIFF's services to photograph and edit mask and company images.

78. PLAINTIFF photographed, edited, and sent DEFENDANTS sixty-seven edited mask images and one hundred edited company images.

79. PLAINTIFF sent the October 22 invoice to DEFENDANTS totaling $3750.00.

80. DEFENDANTS breached the contract by failing to pay for PLAINTIFF's services.

81. DEFENDANTS have repeatedly delayed, dodged, and outright ignored PLAINTIFF's repeated requests to be paid for his services.

82. PLAINTIFF was harmed, suffered and continues to suffer damages because DEFENDANTS' breach of contract was a substantial factor in causing PLAINTIFF's harm.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

1. A judgment that DEFENDANTS have infringed PLAINTIFF's registered copyright;

2. A judgment that DEFENDANTS have breached their contract with PLAINTIFF;

3. A preliminary and permanent injunction enjoining DEFENDANTS and its agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with DEFENDANTS, and its parent organizations, subsidiaries, divisions, successors and assigns, and any person having knowledge of such

12
COMPLAINT

injunction from:

    a. further infringing any of PLAINTIFF's registered copyright by publishing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any images and goods not authorized by PLAINTIFF that include any derivative works, reproductions, distribution, or public display of PLAINTIFF's copyrighted works;

    b. engaging in any conduct constituting an infringement of PLAINTIFF's copyrighted works;

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) or (b);

4. An order directing that this Court retain jurisdiction of this action for the purpose of enabling PLAINTIFF to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

5. An Order directing DEFENDANT to file with this Court and serve on PLAINTIFF's counsel within 30 days after service of an injunction a report under oath setting forth in detail the manner and form in which DEFENDANT has complied with the injunction, pursuant to 17 U.S.C. § 502;

6. A judgment awarding PLAINTIFF all damages adequate to compensate for DEFENDANTS' infringement of PLAINTIFF's copyrighted works;

7. An accounting and award of DEFENDANTS' profits pursuant to 17 U.S.C. § 504;

8. A judgment awarding PLAINTIFF damages suffered by PLAINTIFF as a result of DEFENDANTS' unlawful conduct, in an amount not less than $330,000.00;

9. A judgment awarding PLAINTIFF all damages adequate to compensate for DEFENDANTS' breach of contract;

10. Restitution for DEFENDANTS' unjust enrichment as a result of the conduct complained of herein, including disgorgement of wrongfully obtained profits and any other appropriate relief;

11. Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

12. Costs of suit and reasonable attorneys' fees as provided by law; and

13. Any other remedy to which PLAINTIFF may be entitled, including all remedies provided for in 17 U.S.C. §§ 504 and breach of contract, and any other federal or California law.

Dated: April 8, 2022

**CAMUTI LAW GROUP APC**
NATHAN B. CAMUTI

/Nathan Camuti/
Nathan B. Camuti
Camuti Law Group APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565

Attorney for Plaintiff